IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RICHARD CARRILLO-VALENZUELA,** | ) ) | No. CV-F-07-649 OWW (No. CR-F-04-5181 OWW) |
| Petitioner, | ) ) ) ) | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME AND DIRECTING PETITIONER TO FILE AN AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHIN 45 DAYS OF THE FILING DATE OF THIS ORDER |
| vs. | ) ) ) | |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Respondent. | ) ) ) | |

    On April 30, 2007, Petitioner Richard Carrillo-Valenzuela, proceeding *in pro per*, timely file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

    However, on April 23, 2007, pursuant to the "mailbox rule," Petitioner filed a request for an extension of time to file a Section 2255 motion, contending that the one-year period within which to file his Section 2255 motion expires on April 27, 2007, and requesting a 45-day extension of time to file the Section

1

2255 motion.

Petitioner's Section 2255 motion was timely filed. The Ninth Circuit's Memorandum Decision affirming Petitioner's conviction and sentence was filed on April 28, 2006. Petitioner did not file a petition for writ of certiorari. In *Clay v. United States*, 537 U.S. 522, 524-525 (2003), the Supreme Court ruled that "[f]or purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellant court's affirmation of the conviction." *See also United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir.2000)("[T]he one-year limitations period for a federal prisoner who does not file a petition for writ of certiorari begins to run when the time for filing the petition expires." "[A] petition for a writ of certiorari ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." S.Ct.R. 13.1  "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." S.Ct.R. 13.3.  Therefore, the one-year limitation period applicable to Petitioner did not expire until July 28, 2007.

Petitioner was convicted by jury trial of eight counts of interference with commerce by robbery; seven counts of carrying a firearm during a crime of violence; and one count of being a felon in possession of a firearm.  Petitioner was sentenced to a

total term of 2011 months imprisonment and a 60 month term of supervised release.

Petitioner's Section 2255 motion asserts as Grounds One through Four that he was denied the effective assistance of counsel.  However, the only specific claim is made in Ground Two that he was denied the effective assistance of counsel "during trial/photo array" because the "photo array was different on color counsel 'never argued' the prejudice."  The other three grounds merely assert ineffective assistance of counsel and make no specific assertions or facts to support the claims.

However, in Petitioner's motion for extension of time to file his Section 2255 motion, Petitioner asserts:

> 1. Petitioner Carrillo-Valenzuela, after securing all the necessary legal documents, started preparing its [sic] motion under 28 U.S.C. § 2255 on [sic] late August or early September of 2006, with the help of another inmate, 'jailhouse lawyer' David Marmolejo.
>
> 2. On or about February 2007, jailhouse lawyer Marmolejo suffered a massive heart attack, went into coma and passed away few [sic] days later.
>
> 3. After his death, and due to the fact that numerous claims were made by different inmates asserting that Marmolejo was helping them with their litigation and they would like to have their legal documentation back, an inventory was conducted by prison authorities to sort out all the legal documents and have them returned to their original owners.
>
> 4. Unfortunately, after retrieving all the documents from the cell and conducting a thorough inventory, the authorities found out that some of the legal documents, by mistake or negligence were lost, including

> Valenzuela's 2255 motion and all the legal documents used in the preparation of the motion, e.g. trial & sentencing transcripts, appeal briefs, etc. (See Declaration of Special Investigations Service Officer Zaragoza).
>
> 5. Petitioner albeit is diligently working with another inmate in the process to secure a copy of his legal documents and in the preparation of his § 2255 motion, still needs some extra time to present a meaningful § 2255 motion. No previous applications for the relief sought herein has been brought by the petitioner.

By Declaration executed on April 23, 2007, Special Investigations Service Officer Zaragoza avers that federal inmate David Marmolejo died in February 2007; that BOP property staff undertook to identify legal property belonging to other inmates; that staff located a folder containing documents belonging to Petitioner and returned them to Petitioner on approximately April 3, 2007.

Petitioner's motion for extension of time to file his Section 2255 motion is GRANTED. Petitioner shall file an Amended Section 2255 motion setting forth all of the grounds upon which he seeks relief within 45 days of the filing date of this Memorandum Decision and Order. Failure to timely comply will result in the denial of his Section 2255 motion.

IT IS SO ORDERED.

Dated:   February 17, 2009           /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE