IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD CARRILLO-VALENZUELA, | ) | No. CV-F-07-649 OWW |
| | ) | (No. CR-F-04-5181 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | AMENDED MOTION TO VACATE, |
| vs. | ) | SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 AND DIRECTING |
| UNITED STATES OF AMERICA, | ) | CLERK OF COURT TO ENTER |
| | ) | JUDGMENT FOR RESPONDENT AND |
| | ) | TO CLOSE THE CASE |
| Respondent. | ) | |
| | ) | |

On April 30, 2007, Petitioner Richard Carrillo-Valenzuela, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner filed a concurrent request for an extension of time to file an amended Section 2255 motion. Petitioner's request was granted, as was his second request for extension of time. On April 30, 2009, Petitioner Richard Carrillo-Valenzula timely filed an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §

1

2255.

Petitioner was convicted by jury trial of eight counts of interference with commerce by robbery; seven counts of carrying a firearm during a crime of violence; and one count of being a felon in possession of a firearm. Petitioner was sentenced to a total term of 2011 months imprisonment and a 60 month term of supervised release. Petitioner appealed his conviction and sentence to the Ninth Circuit. The Ninth Circuit affirmed in *United States v. Richard Carrillo-Valenzuela*, 2006 WL 1147801 (9th Cir.2006), ruling in pertinent part:

> Since substantial evidence established Carrillo-Valenzuela's identity as the robber, we need not consider the photo array. Witnesses at trial identified him as the person who committed the robberies. One witness observed and spoke with Carrillo-Valenzuela during two separate robberies approximately one month apart. A witness to another robbery testified that Carrillo-Valenzuela came into her store to buy some items and shortly returned to rob the store. Witnesses to Carrillo-Valenzuela's other robberies also had ample opportunity to observe him and identified the distinctive handgun he used in the robberies. Given the totality of the circumstances, the identification of Carrillo-Valenzuela was sufficiently reliable. *United States v. Montgomery*, 150 F.3d 983, 993 (9th Cir.1998).

Petitioner asserts as grounds for relief ineffective assistance of counsel and an "[e]rroneous example by the Court given to the jury as to what could constitute circumstantial evidence for the jury to consider."

    A.  <u>Ineffective Assistance of Counsel</u>.

        1.  <u>Governing Standards</u>.

2

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other. *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable

professional assistance." *Id.* at 690-691. "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

        **2.  <u>Failure to Argue Photo Array</u>**.

Petitioner contends that counsel was ineffective by moving

to suppress the photo array identification procedure used by law
enforcement based solely on the presumed heavier build of the
other photographed suspects without arguing to the Court "the
difference in color scheme used, where defendant's background
tended to draw the witnesses to his photograph more so than to
the others ... and was prejudicial to him to the point of
violating his due process rights."

Petitioner's claim of ineffective assistance of counsel is
without merit.

Petitioner's defense attorney, Assistant Federal Defender,
Melody Walcott, filed a motion to suppress photo array
identification on the ground that the photo arrays depicted
individuals, with the exception of Petitioner, who were heavier
in build. Judge Coyle denied the motion to suppress by written
Order. On the first day of trial, Petitioner moved to suppress
the photo array on the ground that the background of his photo
was different from the background of the other photos. The Court
reviewed the photo lineup and ruled:

> There are six individuals depicted. One and
> two have what appear to be, I think the color
> would be more blue than anything, light blue.
> The background of Mr. Carrillo's photo is
> light gray. His face is not prominent, for
> instance, as number five. His face is, I
> would say, relatively equally prominent with
> number one and number six. The most
> prominent is number five. And the number
> four photo tends towards more towards gray
> and five is - has more of a blue tint to it,
> and six is a blue gray. And so it does not
> appear to me that the photo just jumps out
> and is that different from the others ... And
> I do not have, based on a difference in color

>     of background, any firm conviction that
>     there's anything prejudicially suggestive or
>     unduly suggestive about the photo. In fact,
>     the photos are such that, although there are
>     some similarities, they would enable a person
>     to make a clear choice, but not in any
>     suggestive way.

(JT 8:4-10:10)

Petitioner's motion on this ground is DENIED.

### 2. Failure to Investigate Alibi Witnesses.

Petitioner asserts that he was denied the effective assistance of counsel because counsel "refused to investigate, at all, the available alibi witnesses that would have placed defendant elsewhere during the times and dates of the alleged robberies."

Petitioner's claim of ineffective assistance of counsel on this ground is without merit. Petitioner makes no specific, affirmative showing that any such alibi witnesses existed, who they were, what testimony they would have provided, and whether they were available to testify at trial. Given the standards governing a claim of ineffective assistance of counsel, Petitioner has not demonstrated that either prong has been violated. *See Dows v. Wood,* 211 F.3d 480, 486 (9th Cir.), *cert. denied*, 531 U.S. 908 (2000); *Quilling v. United States*, 243 F.Supp.2d 872, 882 (S.D.Ill.2002).

Petitioner's motion on this ground is DENIED.

### 3. Conflict of Interest.

Petitioner contends that, "[o]utside of the record, counsel verbalized to defendant that she 'knew defendant was guilty' of

the offenses charged ...." Petitioner asserts that this alleged statement by defense counsel destroyed, in Petitioner's mind, the semblance of the trust a client would normally attach to the attorney-client relationship, thereby depriving Petitioner of the effective assistance of counsel.

A defendant has a Sixth Amendment right to conflict-free representation. *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir.1998). "In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). If this standard is met, prejudice is presumed. *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). To prove an ineffective assistance of counsel claim based on an alleged conflict of interest, a petitioner "must establish that an actual conflict of interest affected his lawyer's performance." *Cuyler*, *id.* at 350. Under this standard, an "'actual conflict' is "a conflict that affected counsel's performance - as opposed to a mere theoretical division of loyalties." *Mickens, id.*, 535 U.S. at 171; *see also United States v. Baker*, 256 F.3d 855, 860 (9th Cir.2001)(An "attorney has an actual, as opposed to a potential conflict of interest when, during the course of representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action.")

The Court has been unable to locate a decision finding an

actual conflict of interest based on defense counsel's out-of-court statement to his or her client that the client was guilty under applicable law.  It is not ineffective assistance of counsel for counsel to advise the client of his or her professional assessment of the evidence against the client nor does that assessment create a conflict of interest without additional facts.  Petitioner asserts that the loss of confidence in his defense attorney because of her alleged out-of-court statements "is substantiated by counsel's refusal and failure to investigate and call upon his alibi witnesses."  As discussed above, Petitioner has not made a specific and affirmative evidence the names of these alibi witnesses, the scope of their testimony, or whether they were available to testify at trial.

Petitioner's motion on this ground is DENIED.

### 4. Failure to Investigate and Object to Government's Jurisdiction to Investigate and Charge Federal Crimes.

Petitioner contends he was denied the effective assistance of counsel because of counsel's failure to investigate and object that:

> In none of the alleged crimes charged in the indictment did the Government allege, much less prove at trial, that the offenses were committed within the enclaves the Constitution limits the Federal Government to bring about prosecutions for alleged federal crimes, i.e., possessions, territories, or properties ceded to the Government by the State wherein the alleged federal crimes are committed, and such a prosecution of crimes, although the federal courts are invoked with jurisdiction to adjudicate such cases, by the Executive Branch in a federal tribunal is

|   |   |
|---|---|
| 1 | unconstitutional and prejudicial to |
| 2 | defendant, where even a defendant can not waive the lack of federal Government |
| 3 | jurisdiction to prosecute the case in federal court against him. |

Petitioner's contention is baseless. Petitioner cites no authority for his contention. 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the United States, of all offenses against the laws of the United States." Defense counsel was not ineffective in failing to investigate and bring a meritless motion.

Petitioner's motion on this ground is DENIED.

B. <u>ERRONEOUS EXAMPLE BY COURT OF CIRCUMSTANTIAL EVIDENCE</u>.

Petitioner contends that he is entitled to relief because the Court's example to the jury of what could be considered as circumstantial evidence was so inexact as to prejudice the jurors' minds.

Petitioner asserts that, during jury deliberations, the jury requested instruction from the Court as to what could be considered "circumstantial evidence." Petitioner contends:

> When this Court used the example of the little girl with the brown and sticky substance on her face to provide circumstantial evidence of her having eaten the chocolate cake that was on the table, such example of circumstantial evidence was inexact, under a totality of the circumstances test, where without more inquiry into the circumstances, for example, did the person ask the child did she eat some of the cake, or did the child decide to make herself some Nesquick chocolate milk end up smearing some of the chocolate syrup on her

9

>           face from the spoon used to stir the
>           chocolate milk, thus attributing guilt to the
>           little girl, like the jury did on defendant,
>           without more proof to establish guilt *beyond
>           a reasonable doubt* as required by law, and
>           was reversible error.

Petitioner did not raise this claim of error on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner has not made any such showing.

Even if Petitioner had made the required showing, his claim is baseless. The questions from the jury was:

>           You mentioned we must evaluate only the
>           evidence, both direct and circumstantial and
>           cannot infer from the testimony. What do we
>           do if a member tries to infer what a witness
>           means from their testimony?

(JT 343:23-344:2). In responding to the jury's question, the Court stated:

>           And let me respond to this question by saying
>           that the instructions that I've given you
>           apply as a whole and we did not intend to
>           suggest that you, as jurors, you cannot draw
>           inferences. In fact, what I mentioned to you
>           was that you can draw inferences. That's the
>           way, for instance, circumstantial evidence is
>           used. Circumstantial evidence is proof of
>           one fact from which you could infer or deduce
>           a chain of facts or other facts.
>
>           And so to specifically answer your question,
>           part of what your function is is to evaluate
>           the testimony of witnesses, decide what
>           they're saying, whether you can accept it,
>           how much weight to give to it, and that is

10

```
 1    the function that you perform as triers of
      fact.
 2
      But you are permitted to consider both direct
 3    and circumstantial evidence.  You can give
      equal weight to both sides [sic] of evidence
 4    or no weight to the evidence if you don't
      think it deserves any.  Give any evidence in
 5    the case as much weight as you think it
      deserves and you are entitled to draw
 6    inferences or deductions from what the
      evidence is, if one fact you could infer
 7    another fact.  Let me give you an example.

 8    If a witness testifies, I walked into my
      kitchen at three p.m. and saw my six year old
 9    daughter eating a piece of chocolate cake.
      That's direct evidence that a six year old
10    girl was eating chocolate cake in the kitchen
      at three p.m.
11
      If another witness testifies, I walked into a
12    kitchen five minutes after three on the same
      day.  I saw a little girl standing near the
13    kitchen table.  On the kitchen table was what
      looked like a brown cake and the little girl
14    had something brown and sticky all over her
      face.  That's circumstantial evidence that
15    the little girl ate the cake at three
      o'clock.
16
      But you have to infer or deduce from the
17    circumstances what happened in the five
      minutes.  What she has on her face, whether
18    that's chocolate and whether the object that
      is on the table is a chocolate cake.
19
      So when somebody directly observes, directly
20    hears and then recounts that, that's called
      direct evidence.  And when, such as if, in
21    our chocolate cake example, a witness sees
      someone in the vicinity of a cake with
22    something brown and sticky on their face,
      that is circumstantial evidence that the
23    little girl ate the cake.

24    You can consider both kinds of evidence and
      you're permitted to draw inferences and make
25    deductions from the evidence based on what
      you think of the witness using all the
26    factors that I've provided you as to how to
```

| | determine both credibility and to evaluate eyewitness testimony. |

(JT 344:3-345:24). The jury was instructed that all twelve jurors must decide whether the Government had proved Petitioner's guilt beyond a reasonable doubt and were instructed on the meaning of guilt beyond a reasonable doubt. The jury was instructed that "[c]ircumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly." The Court's statement in response to the jury's question gives an example of circumstantial evidence in a neutral manner unrelated to the facts of the criminal prosecution. The Court specifically advised the jury: "But you have to infer or deduce from the circumstances what happened in the five minutes. What she has on her face, whether that's chocolate and whether the object that is on the table is a chocolate cake." Petitioner's claim does not demonstrate prejudice or reversible error.

Petitioner's motion on this ground is DENIED.

For the reasons stated:

1. Petitioner Richard Carrillo-Valenzuela's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and to close the case.

///

IT IS SO ORDERED.

Dated:     May 13, 2009                              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE