IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARILLO-VALENZUELA, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | No. CV-F-07-649 OWW <br> (No. CR-F-04-5181 OWW) <br><br> MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6), FEDERAL RULES OF CIVIL PROCEDURE |

By Memorandum Decision and Order filed on May 13, 2009, Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was denied.  Judgment for respondent was entered on May 13, 2009.

On June 8, 2009, Petitioner filed a motion for relief from the judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure.  Petitioner seeks reconsideration of the Court's denial of Petitioner's claim that he was denied the effective assistance of counsel because of counsel's failure to investigate and object that:

> In none of the alleged crimes charged in the indictment did the Government allege, much less prove at trial, that the offenses were committed within the enclaves the Constitution limits the Federal Government to bring about prosecutions for alleged federal crimes, i.e., possessions, territories, or properties ceded to the Government by the State wherein the alleged federal crimes are committed, and such a prosecution of crimes, although the federal courts are invoked with jurisdiction to adjudicate such cases, by the Executive Branch in a federal tribunal is unconstitutional and prejudicial to defendant, where even a defendant can not waive the lack of federal Government jurisdiction to prosecute the case in federal court against him.

Petitioner, relying on primarily on cases pre-dating the American Civil War, contends that reconsideration of the Court's ruling is required:

> [A]lthough it is true that 18 U.S.C. § 3231 confers to [sic] all district courts of the United States with its jurisdiction over all offenses against the laws of the United states [sic], because there must be a statutory provision to confer to the Executive Department jurisdiction over *all* offenses against the laws of the United States, no matter where they are committed within the continental boundaries of the United States, absent a constitutional amendment that the several States ratify conferring such broad power to the Executive, like it did once with the Eighteenth Amendment over a specific conduct, the absence of a statutory provision within the Federal Criminal Code, Title 18, United States Code, divested the Executive Department, the United States Attorney's office, of jurisdictional power to have prosecuted this instant criminal case against petitioner ....

Petitioner's motion is DENIED. Petitioner cites no post-Civil War authority for his position and the Court is unable to

find any.  There is no question that the federal court's jurisdiction is not limited to federal crimes committed on federal lands.  *See United States v. McCalla*, 545 F.3d 750, 756 (9th Cir.2008), *cert. denied*, ___ 129 U.S. ___ 1363 (2009). Congress has the constitutional power under the Commerce Clause to punish interference with interstate commerce by robbery, *see United States v. Culbert*, 435 U.S. 371, 373, 379 (1978), use of a firearm to commit a crime of violence, *see United States v. Lynch,* 437 F.3d 902, 912 (9th Cir.), *cert. denied*, 549 U.S. 836 (2006) and felon in possession of a firearm, *see United States v. Davis*, 242 F.3d 1162 (9th Cir.), *cert. denied*, 534 U.S. 878 (2001).

    IT IS SO ORDERED.

**Dated:   June 10, 2009**　　　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE