UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD CARRILLO VALENZUELA,<br><br>Defendant. | Case No.  1:04-cr-05181-JLT-1<br><br>MEMORANDUM AND ORDER:<br><br>(1) DENYING MOTION AS AMENDED TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, and (3) DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR PLAINTIFF AND CLOSE THE CASE (Docs. 96, 98, 103 & 109) |

## I.   INTRODUCTION

Richard Carrillo Valenzuela[1] brings the instant motion under 28 U.S.C. § 2225, raising various attacks on his conviction and sentence.

## II.   BACKGROUND

On July 8, 2004, the defendant was indicted by a federal grand jury on eight counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery); eight counts of Carrying a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1); and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  (Docs. 1 & 98-1, at 12-25).  On February 25, 2005, after a three-day trial, a jury returned its guilty verdicts on all

---

[1] Movant is incarcerated at USP-Hazelton with a projected release date of March 25, 2148.  See Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 30, 2025.)

1

eight Hobbs Act Counts, seven of eight 18 U.S.C. § 924(c) Counts, and on the Felon in Possession Count.[2]  (Docs. 53, 96, 98, 103 & 109).

On July 12, 2005, Movant was sentenced to a total of 2,011 months imprisonment comprised of: 151 months concurrent on each of Counts 1, 3, 5, 7, 9, 11, 13 and 15 (Hobbs Act robbery), and 17 (felon in possession of a firearm), 60 months consecutive to the other Counts on Count 2 (924(c)), 300 months consecutive on each of Counts 6, 8, 10, 12, 14 and 16 (924(c)), and judgment was entered thereon.  (Docs. 69, 70, at 2-3).

In 2006, Movant's conviction and sentence were affirmed by the Ninth Circuit on appeal.  (Doc. 84.)   In May 2009, this Court denied Movant's pro se § 2255 motion asserting ineffective assistance of counsel and instructional error.  (Docs. 91, 92).

### III.     LEGAL STANDARD

A person in custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a); *see also United States v. Hayman,* 342 U.S. 205, 217 (1952).  The permissible grounds for a motion under § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ."  28 U.S.C. § 2255(a).

Under § 2255, a district court must grant a prompt hearing to a movant in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.  *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1983).

A movant is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on conclusory statements.  *Baumann*, 692 F.2d at 571; *United States v. Hearst*, 638 F.2d

---

[2] On June 1, 2016, the Ninth Circuit approved Movant's application to file the second or successive motion based on *Johnson v. United States*, 136 S. Ct. 2551 (2015).  (Doc. 95.)

2

1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a movant alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the movant is entitled to no relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

If a court finds that relief is warranted under § 2255, it must " 'vacate and set the judgment aside' " and then do one of four things: " 'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.' " *United States v. Barron,* 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

## IV.    ANALYSIS

**A.    Hobbs Act Robbery as a Predicate Crime of Violence for purposes of § 924(c)**

Movant alleges in Claim One that: "*Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)] dictates that the 924(c)(1) counts did not state offenses and must be vacated." (Doc. 96 at 10.) Movant alleges that after *Johnson* 18 U.S.C. 1951(a) is not a crime of violence within the meaning of the 18 U.S.C. § 924(c)(3)(A) elements clause, and because the residual clause of § 924(c)(3)(B) is unconstitutionally vague.³ (Doc. 98 at 27.)

The elements clause of 18 U.S.C. § 924(c)(3)(A) provides that "any person who, during and in relation to any crime of violence … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be subject to additional punishment] . . . For purposes of this subsection the term "crime of violence" means an offense that is a felony and-- **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ."

Movant argues the § 924(c)(3)(A) elements clause is satisfied only where, unlike here, the defendant must have known within a practical certainty that his conduct would be perceived as threatening harm to a person or their property. (Doc. 120 at 3 citing *United States v. Taylor*, 142 S. Ct. 2015, 2020, 2023 (2022); *Borden v. United States*, 593 U.S. 420, 425 (2021). Based thereon, Movant alleges that he is actually innocent of violating § 942(c), such that his stacked 1860 months sentence

---

³ During the pendency of the instant amended petition, the Residual Clause, 18 U.S.C. § 924(c)(3)(B), was struck down by the Supreme Court, and to qualify as a § 924(c) predicate Movant's Hobbs Act predicate must necessarily satisfy the elements of 18 U.S.C. § 924(c)(3)(A). See *United States v. Davis*, 139 S. Ct. 2319 (2019).

3

1  based on violating 924(c)(1) should be vacated. (Doc. 98 at 12, 27.)

2  While the instant motion was stayed, the Ninth Circuit issued *Eckford*. This Court has found

3  that *Eckford* forecloses the argument Movant advances in Claim 1, that:

> In *Dominguez*, the Ninth Circuit held both that Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence for purposes of § 924(c)(3)(A). 954 F.3d at 1255 ("We agree with the Eleventh Circuit that attempted Hobbs Act armed robbery is a crime of violence for purposes of § 924(c) because its commission requires proof of both the specific intent to complete a crime of violence, and a substantial step actually (not theoretically) taken toward its completion ... Since Hobbs Act robbery is a crime of violence, it follows that the attempt to commit Hobbs Act robbery is a crime of violence."). [Footnote Omitted] The Supreme Court granted review in both *Dominguez* and *United States v. Taylor* (4th Cir. 2020), to resolve a circuit split over whether *attempted* Hobbs Act Robbery qualifies as a crime of violence under § 924(c)(3)(A). *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). In *Taylor,* the Court affirmed the Fourth Circuit's ruling, holding that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force. *Id.* at 2026. A few days later, the Supreme Court vacated the judgment in *Dominguez* and remanded it to the Ninth Circuit for consideration in light of its holding in *Taylor*. *Dominguez,* 142 S. Ct. 2857 (2022). The Ninth Circuit thereafter vacated Dominguez's § 924(c)(3)(A) conviction premised on attempted Hobbs Act robbery. *United States v. Dominguez*, 48 F.4th 1040 (9th Cir. 2022).
>
> Subsequently, however, in In *United States v. Eckford*, the Ninth Circuit reasserted that "Hobbs Act robbery is a crime of violence." 77 F.4th 1228, 1237 (9th Cir. 2023), and specifically indicated that precedent on that point is not "undermined by the Supreme Court's decision in *Taylor*." *Id.* Thus, Hobbs Act robbery remains a crime of violence in this Circuit.

*United States v. Beltran*, 2024 WL 129844, at *1 (E.D. Cal. Jan. 11, 2024). Movant's arguments before the Court are not persuasive otherwise. He argues that Hobbs Act robbery can be committed via non-violent threats of future harm to an intangible property interest such that a conviction for Hobbs Act robbery cannot qualify as a predicate conviction under § 924(c). *(*Doc. 124 at 5 citing *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (the categorical approach to elements clause analysis "presume[s] that the conviction rested upon nothing more than the least of the acts criminalized." ). However, the developed caselaw holds that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) in this Circuit.

Particularly, Movant's reliance upon *Taylor* is unavailing because as noted above, that case

1  dealt only with conspiracy to violate the Hobbs Act and attempted Hobbs Act robbery.  Here, a
2  completed Hobbs Act robbery is the predicate offense.  Movant fares no better under Borden by
3  arguing that Hobbs Act robbery requires only an implicit threat, whereas the elements of §
4  924(c)(3)(A) require that the defendant knew he was threatening physical harm to another, i.e. a
5  "communicated threat."  (Doc. 129 at 3-4 citing *Borden*, 141 S. Ct. at 1824; *Taylor*, 596 U.S. at 142.)
6      *Borden* did not announce a new rule of constitutional law within the meaning of § 2255 which
7  applies to this case.  *Borden's* holding that crimes that merely require recklessness cannot be
8  considered a "crime of violence" under the Armed Career Criminal Act is not of consequence here
9  because in this Circuit Hobbs Act robbery is not a crime of mere recklessness, but rather a crime of
10 violence under § 924(c)(3).  *See United States v. Smith*, 2024 WL 1600320, at *3 (C.D. Cal. Mar. 8,
11 2024) (citing *Eckford*, 77 F.4th at 1236–37) (both Hobbs Act robbery and aiding and abetting Hobbs
12 Act robbery are valid predicates for a Section 924(c) conviction); *Thompson v. Birkholtz*, 2023 WL
13 10477245, at *5 (C.D. Cal. Aug. 17, 2023), report and recommendation adopted sub nom. *Thompson*
14 *v. Birkholz*, 2024 WL 1244469 (C.D. Cal. Mar. 22, 2024) (citing *Eckford*, 2023 WL 5210863, at *7) (a
15 completed Hobbs Act robbery satisfies the elements clause . . . the Hobbs Act Robbery conviction was
16 a crime of violence under 18 U.S.C. § 924(c)); *Springs v. Trate*, 2023 WL 3125546, at *2 (E.D. Cal.
17 Apr. 27, 2023), report and recommendation adopted, 2023 WL 4711304 (E.D. Cal. July 24, 2023)
18 ("Hobbs Act robbery is a crime of violence under the elements clause.").  Therefore, Movant's Claim
19 1 in his motion as amended is **DENIED**.
20 **B.    Knowledge of Status as Felon for purposes of § 922(g)**
21     Movant alleges in Claims 2 and 3 that *Rehaif v. United States*, 139 S. Ct. 2191 (2019) dictates
22 that, to secure a conviction under § 922(g), the government must prove beyond a reasonable doubt that
23 the defendant "knew he belonged to the relevant category of persons barred from possessing a
24 firearm." *Rehaif*, 139 S. Ct. at 2200.  In this case, the relevant category is persons that had "been
25 convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]" 18
26 U.S.C. § 922(g)(1).  (Docs. 1 & 98-1, at 12-25). Movant alleges that in this case, "Count Seventeen
27 did not allege that [he] knew he was a member of a class prohibited from possessing a firearm, Count
28 Seventeen did not allege a criminal offense. The defect is fatal, and Count Seventeen must be

vacated." (Doc. 103 at 11). Movant goes on to argue that he did not know he was a felon at the time he possessed the weapon. (Doc. 129 at 8 citing *United States v. Werle*, 35 F.4th 1195, 1197 (9th Cir. 2022) (remanding for an evidentiary hearing on this issue in the context of a § 2255 motion).

Count 17 of the Indictment alleges that:

> [Movant], on or about May 11, 2004, in the County of Mariposa, State and Eastern District of California, after having been previously convicted of Grand Theft, in violation of California Penal Code Section 487.1, on or about September 11, 1984, in the Superior Court of California, County of Imperial; Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352, on or about March 1, 1990, in the Superior Court of California, County of Stanislaus; and, Grand Theft Person, in violation of the California Penal Code Section 487.2, on or about June 2, 1993, in the Superior Court of California, County of Imperial, crimes punishable by a terms of imprisonment exceeding one year, did knowingly possess a firearm . . ."
> (Doc. 1 at 13 (internal pagination).

(Doc. 1 at 13 [internal pagination].) Movant alleges in the motion as amended:

> Claim Two: Under *Rehaif*, Count 17 of the Indictment fails to allege a federal criminal offense, depriving the Court of jurisdiction and requiring dismissal under the Fifth and Sixth Amendments.
>
> Claim Three: Valenzuela's conviction for violating 18 U.S.C. § 922 violates the Due Process Clause because in light of *Rehaif*, the government failed to present any evidence with respect to at least one material element of the offense.

(Doc. 109 at 1.)

On June 21, 2019, the Supreme Court issued its decision in *Rehaif*, holding that to convict a defendant under 18 U.S.C. § 922(g), the government must show that the defendant knew they had the relevant status when they possessed the firearm. 588 U.S., at 227. *Rehaif* merely requires that a defendant knew he possessed a firearm and that, when doing so, he also knew he had a previous conviction for "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1); *see Rehaif*, 139 S. Ct. at 2199-2200.

### 1. Certification of Second or Successive Motion

Movant argues that the Circuit's 2016 certification of his *Johnson* based Claim pursuant to §

1  2255(h) acted as an umbrella for the *Rehaif* Claims he added in the 2020 amended motion.[4]  He argues
2  that § 2255(h) requires certification "as provided in section 2244[,]" and that § 2244 does not require
3  certification of individual claims in a motion that otherwise has been certified by the Circuit.  (Doc.
4  129 at 6-8 citing 2244(b)(1-4).)

5  Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court has only
6  limited authority to hear a claim presented in a second or successive habeas motion. The court must
7  deny a second or successive motion unless the court of appeals first certifies the motion pursuant to §
8  2255(h).  *Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020); *see also United States v.*
9  *Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (same); *Harrison v. Ollison,* 519 F.3d 952, 955
10 (2008) (quoting 28 U.S.C. § 2255(h) (same)). The Ninth Circuit appears to countenance filing of a
11 second or successive application that includes at least one claim meeting the § 2255(h) standard.  *See*
12 *Nevius v. McDaniel,* 104 F.3d 1120, 1120–21 (9th Cir.1997); *see also Olvera v. Gonzales*, 834
13 F.Supp.2d 944, 947-48 (C.D. Cal. 2011) (in context of a § 2254 petition, the court of appeals may
14 authorize the filing of a second or successive petition only if it determines that the petition makes a
15 prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. §
16 2244(b).)

17 The Circuit has recognized that "[t]he district court, however, had the duty under § 2244(b)(1)
18 and (2) to examine each claim of the second petition and to dismiss the claims that did not meet the
19 requirements of those subsections." *Nevius v. McDaniel*, 218 F.3d 940, 944 (9th Cir. 2000).  The
20 Court has done so here, and finds the *Rehaif* Claims do not meet the requirements of § 2244(b)
21 because the *Rehaif* Court did not announce a new rule of constitutional law, retroactive to cases on
22 collateral review.  28 U.S.C. §§ 2255(h), 2244(b)(4); *see Tate v. United States*, 982 F.3d 1226, 1228
23 (9th Cir. 2020) ("*Rehaif* ... does not announce 'a new rule of constitutional law' for purposes of filing
24 a second or successive § 2255 motion."); *see also* Doc. 113 at 2 citing *In re Wright*, 942 F.3d 1063

---

[4] 28 U.S.C. 2255 (h) provides that "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

1065 (11th Cir. 2019) (holding that not only did *Rehaif* not announce a new rule of constitutional law, but that the Supreme Court did not even make *Rehaif* retroactive to cases on collateral review).

### a.  *Actual Innocence pursuant to § 2241*

#### (1)  *Rehaif* Claims are outside the Savings Clause

Movant may attempt to invoke § 2255(e)'s savings clause in avoidance of certification under § 2255(h) by arguing that he is actually innocent of violating § 924(c). (Doc. 98 at 12, 27.) The savings clause permits a federal prisoner to file a § 2241 petition to contest the legality of a sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Hernandez*, 204 F.3d at 864–65. To show that his Section 2255 remedy is inadequate or ineffective, a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. *See Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006).* [5]

To meet the actual innocence prong of the savings clause, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Accordingly, to qualify for § 2255's savings clause, Petitioner must claim actual innocence rather than legal insufficiency, and that claim must be meritorious enough that "it is more likely than not that 'no reasonable juror' would have convicted" Petitioner. *Muth*, 676 F.3d at 819 (citing *Bousley*, 523 U.S. at 623). However, post-*Jones*, Movant is foreclosed from bringing these claims via a § 2241 motion, as discussed below.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court. There is an exception, however, under that section's savings clause, when the prisoner's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *Hernandez,* 204 F.3d at 864 n. 2; *Stephens,* 464 F.3d at 897. A petitioner may state a claim of actual innocence "when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (petitioner was "actually innocent" of violating 21 U.S.C.

---

[5] Because the actual innocence prong of the savings clause exception is dispositive, the Court declines to assess whether Petitioner had an unobstructed procedural shot at presenting the claim.

8

1  § 952(a) where intervening en banc decision that overturned circuit precedent determined that
2  transporting drugs between two locations under United States jurisdiction did not constitute
3  "importation" with the meaning of the statute, even if the drugs were transported over or through
4  international waters); *see also United States v. Avery*, 719 F.3d 1080, 1085 (9th Cir. 2013) (petitioner
5  was actually innocent of crime of honest services fraud where intervening Supreme Court decision
6  clarified that the crime to which he "pled guilty and for which he stands incarcerated is no longer a
7  criminal offense").

8  However, in June 2023, the Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465, 143 S. Ct.
9  1857, 1864, 216 L.Ed.2d 471 (2023), that "§ 2255(e)'s savings clause does not permit a prisoner
10  asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on
11  second or successive § 2255 motions by filing a § 2241 petition." The Supreme Court further clarified
12  that "[t]he inability of a prisoner with a statutory claim to satisfy [§ 2255(h)'s] conditions does not
13  mean he can bring his claim in a habeas petition under the savings clause. It means that he cannot
14  bring it at all." *Id.* at 1869. "Consequently, any claim [a petitioner] may seek to raise based on an
15  intervening change of statutory interpretation is foreclosed by *Jones*." *Studdard v. Trate*, 2023 WL
16  4827939, at *1 (E.D. Cal. July 27, 2023).

### (2) No Actual Innocence on Count 17

18  Movant alleges that following *Rehaif*, he is actually innocent of violating § 922(g) such that his
19  Count 17 conviction for being a felon in possession must be vacated.  Movant argues the government
20  did not prove beyond a reasonable doubt, his knowledge of status as a felon when he possessed the
21  firearm on May 11, 2004.  (Doc. 103 at 18.) To qualify for Section 2255's savings clause, an actual
22  innocence claim must be meritorious enough that "it is more likely than not that 'no reasonable juror'
23  would have convicted" Petitioner.  *Muth*, 676 F.3d at 819 (citing *Bousley*, 523 U.S. at 623).

24  Here, the court concludes that Movant has failed to meet his burden on  the actual innocence
25  claim to satisfy the § 2255 savings clause because he has not shown that it is more likely than not that
26  no reasonable juror would have found that he did not know of his prohibited status on May 11, 2004,
27  the Count 17 target date for possession of the firearm.  (*See e.g.*, Doc. 79 at 20-22, 141, 247.)  The
28  Court finds Movant provides no plausible basis to dispute his knowledge on these points, and he does

not state a viable actual innocence claim to satisfy the § 2255 escape hatch. *See e.g., White v. Quintana*, 2022 WL 16587236, at *6 (C.D. Cal. Sept. 2, 2022) (rejecting § 2241 petition *Rehaif* claim due to petitioner's failure to sufficiently show actual innocence of his conviction to qualify for savings clause), *report and recommendation adopted*, 2022 WL 16574790 (C.D. Cal. Nov. 1, 2022).

The Indictment alleges three felonies suffered by Movant during the period 1984-1993. At trial, in the face of the government's proving-up these felonies, Movant stipulated on the record and before the jury that "[he] is a convicted felon within the meaning of 18 USC Section 922(g)(1) at the time of the commission of the offenses charged in the indictment, in that he had been previously convicted in the State of California of a crime punishable by imprisonment for a term exceeding one year." (Doc. 113-1 at 18-19.) Thereafter, the jury was instructed with Instruction 22, that:

### FELON IN POSSESSION OF A FIREARM

The defendant is charged in Count Seventeen of the Indictment with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g). In order for the defendant to be found guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The defendant has stipulated that on May 11, 2004, he was convicted of a crime punishable by imprisonment for a term exceeding one year.

(Doc. 56 at 26; see also Doc. 113-1 at 20.)

Movant's stipulation is evidence beyond a reasonable doubt that he was aware of his felon status on May 11, 2004, the target date for possession of a firearm in Count 17. The trial court told the jury during oral instructions on Count 17 that "[t]he parties have stipulated that [Movant] has previously been convicted of a crime punishable by imprisonment for a term exceeding one year." (Doc. 81 at 21; *see also* Doc. 113-1 at 21); *United States v. Winn*, 811 F. App'x 1011, 1015 (9th Cir. 2020) (unpublished) (citing *United States v. Benamor*, 937 F.3d 1182, 1188-89 (9th Cir. 2019)) (defendant's stipulation to "his prior convictions 'proved beyond a reasonable doubt that [he] had the

10

knowledge required by *Rehaif*.' "[6]); *United States v. Sandford*, No. 18-288, 2020 WL 2781291, at *2 (2d Cir. May 29, 2020) (holding that a defendant who 'stipulate[d] to the existence of his prior felony in order to prevent its details…from being placed before the jury' could not successfully mount a *Rehaif* challenge").

Movant's argument the Instruction 22 was erroneous because May 11, 2004 was not the date of conviction of a prior felony (*see* Doc. 109 at 10 citing Doc. 1 at 13), is rejected. As noted, May 11, 2004 was the target date of the Count 17 violation, and the jury received evidence that Movant was a convicted felon for purposes of § 922(g)(1), prior to May 11, 2004. (*See e.g.*, Doc. 43 at 3.) Furthermore, Movant's noted felonious history is strong evidence that he had knowledge of his § 922(g)(1) restricted status at the time he possessed the firearm. The record reflects Movant's noted three prior felonies. (Doc. 78 at 4.) Defense counsel confirmed as much to the jury.[7] (Doc. 81 at 17; *see also* Doc. 19 at 1; Doc. 49 at 3); *see also Benamor*, 937 F.3d at 1188-89 ("[W]hile the absence of an instruction requiring the jury to find that Defendant knew he was a felon was clear error under *Rehaif* . . . there is no probability that, but for the error, the outcome of the proceeding would have been different . . . [a]t a minimum, the prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that Defendant had the knowledge required by *Rehaif* and that any error in not instructing the jury to make such a finding did not affect Defendant's substantial rights or the fairness, integrity, or public reputation of the trial.").

Additionally, at sentencing, the Court observed that "the probation officer has identified a 1990 Stanislaus County Superior Court conviction for sale of a controlled substance, and in 1993, in El Centro Superior Court, conviction for grand theft person, which is a crime of violence. And there is no legal dispute over that." (Doc. 82 at 7.) The sentencing Court also observed Movant's "lengthy criminal history involving grand theft, grand theft person, escape, sales of controlled substances, being

---

[6] Reference to this unpublished case is pursuant to Fed. R. App. P. 32.1 governing citation of judicial decisions issued on or after January 1, 2007. See also U.S. Ct. of App. 9th Cir. Rule 36-3.

[7] The record further reflects that at trial, Movant sought to exclude the prior felony convictions and to bifurcate Count 17, the felon in possession Count. (Docs. 21 & 25.) The trial court excluded convictions for purposes of impeachment, and granted unopposed bifurcation. (Doc. 49.)

a deported alien found in the United States on two occasions, and identification of the defendant as a member of the Sereno criminal street gang." (Doc. 82 at 9-10.) As this Court has stated:

> To prove actual innocence of a § 922(g) conviction after *Rehaif*, [the petitioner] must show that he had no knowledge that he had been convicted of a felony at the time he possessed a firearm." *Davis v. United States*, 2:16-cr-34-KOB-HNJ, 2023 WL 2996733, at *6 (N. D. Ala. Apr. 18, 2023)
>
> [---]
>
> [F]or prosecutions pursuant to § 922(g)(1), the Government must prove that the defendant knew that he had been convicted of a crime 'punishable by imprisonment for a term exceeding one year' 'when he possessed the firearm.' " *United States v. Werle*, 35 F.4th 1195, 1198 (9th Cir. 2022) (internal citations omitted); *see also Greer v. United States*, 593 U.S. 503, 505–06 (2021) ("In felon-in-possession cases after *Rehaif*, the Government must prove ... that [the defendant] *knew he was a felon* when he possessed the firearm."). "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 593 U.S. at 509.

*United States v. McGruder*, 2024 WL 3029234, at **3-4 (E.D. Cal. June 17, 2024)

For the reasons stated, the court finds that there is virtually no possibility that Movant was unaware that he had been convicted of a crime punishable by more than one year in prison at the time he possessed the firearm at issue in this case. *See e.g.*, *United States v. Pollard*, 20 F.4th 1252, 1257 (9th Cir. 2021) (finding "no probability that [the petitioner] was unaware of his felon status" in part because the petitioner "had served over five years in prison for committing numerous felonies"). Obtaining relief from a § 922(g) conviction under *Rehaif* is difficult because:

> Felons typically know they are felons. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) ("[T]he defendant faces an uphill climb in trying to ... argu[e] that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." (citation and internal quotation marks omitted)); *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.").

*Gray v. Birkholtz*, 2023 WL 2938514, at *3 (C.D. Cal. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 2934871 (C.D. Cal. Apr. 13, 2023).

**2.    Lack of Jurisdiction; Violation of Constitutional Rights**

Movant argues that following *Rehaif*, the Court lacked jurisdiction over Count 17 because it

failed to allege a federal criminal offense, and that the defective Indictment violated his Fifth and Sixth Amendment rights and right to a grand jury. (Doc. 103 at 10-15.)   These allegations are discussed in turn, below.

### a.     *Jurisdiction following Rehaif*

The Court finds the jurisdictional claim is foreclosed by controlling authority.  *See United States v. Pruitt*, 839 Fed. Appx. 90, 94 (9th Cir. 2020) (unpublished) (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)) ("[a]n indictment's omission of the element that the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm' in violation of 18 U.S.C. § 922(g)(1) . . . does not deprive the district court of jurisdiction."[8]);  *see also United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (implied overruling on other grounds recognized by *U.S. v. Aguila-Montes de Oca*, 655 F.3d 915, 941 (9th Cir. 2011)) (jurisdictional challenge that indictment "failed to charge [defendant] with an offense against the United States…is untenable in light of the Supreme Court's recent decision in [*Cotton*]"); *United States v. Balde*, 943 F.3d 73, 92-93 (2nd Cir. 2019) (holding the indictment's failure to allege the *Rehaif* knowledge element was not a jurisdictional defect).

### b.     *Rehaif as Constitutional Error*

Movant argues that the Indictment, defective under *Rehaif*, violated his Fifth and Sixth Amendment rights and right to a grand jury.  (Doc. 103 at 10-15.)  As discussed above, *Rehaif* did not announce a new constitutional rule. *Tate*, 982 F.3d at 1227. Also, Movant has failed to meet his burden on the actual innocence claim to satisfy the § 2255 savings clause, for the reasons stated. Finally, the *Rehaif* error, considered as plain error, is not a basis for relief, for the discussed above. (*See* section IV B 1, ante; *see also United States v. Door*, 996 F.3d 606, 619 (9th Cir. 2021) (when a stipulation recites that a defendant has been convicted of a felony " 'punishable by a term of imprisonment exceeding one year' . . . [i]t is the shortest of steps for a juror to conclude that, when [defendant] possessed the firearms . . . he knew of the crimes for which he had previously been convicted.").

---

[8] Reference to this unpublished case is pursuant to Fed. R. App. P. 32.1 governing citation of judicial decisions issued on or after January 1, 2007.  See also U.S. Ct. of App. 9th Cir. Rule 36-3.

**C.     Oral Hearing**

As noted, under § 2255, a district court must grant a prompt hearing to a movant in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). Therefore, a § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided on the basis of the evidence in the motion, files, and records. *Blackledge v. Allison,* 431 U.S. 63, 80-82 (1977); 28 U.S.C. § 2255(b); *see also Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989) (same); United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Rule 8(a), 28 U.S.C.A. foll. § 2255 (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing required unless motion, files, and records conclusively show movant is not entitled to relief).

Here, Movant seeks relief based upon changes in the law rather than findings related to the factual record. Movant does not raise a dispute of fact or proffer extra-record evidence. Furthermore, the undisputed facts and evidence before the Court show that Movant is not entitled to relief under the controlling law, for the reasons stated. Therefore, the Court finds that an oral hearing is not necessary on the motion as amended.

**D.     Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2255. A court may issue a certificate of appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, the Court finds that given the clearly established legal authorities and the undisputed factual record in the case, no reasonable jurist would find debatable the Court's denial of Movant's Claims. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, the Court will deny a certificate of appealability.

## V.    CONCLUSIONS

Based on the above, the Court **ORDERS**:

1. The motion as amended for 28 U.S.C. § 2255 relief (Docs. 96, 98, 103 & 109) is **DENIED**.

2. The Court **DECLINES** issuance of a Certificate of Appealability.

3. The Clerk of the Court is directed to enter **JUDGMENT FOR PLAINTIFF** and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **March 31, 2025**

UNITED STATES DISTRICT JUDGE